## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SIMON EDELMAN,
8 Balsa Road
Santa Fe, NM 87508

                     Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
ENERGY,
1000 Independence Ave., SW
Washington, DC 20585

                     Defendant.

Civil Action No. 21-2788
ECF Case

**COMPLAINT**

---

Plaintiff SIMON EDELMAN, by his undersigned attorneys, alleges:

1.  This is an action under the Privacy Act, 5 U.S.C. § 552a, et seq., for declaratory, injunctive, and other appropriate relief brought by Simon Edelman.

2.  By this action, Mr. Edelman seeks to compel Defendant, the United States Department of Energy ("DOE" or "Department"), to release records related to a whistleblower reprisal complaint that Mr. Edelman filed with the Department's Office of Inspector General on or around January 4, 2018.

### PARTIES

3.  Plaintiff Simon Edelman is a whistleblower and a photographer who was employed by the DOE from 2015 to 2017.

4.  Defendant United States Department of Energy is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552a(a)(1).

**JURISDICTION AND VENUE**

5.   This Court has subject-matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1).

6.   Venue is proper in this district under 5 U.S.C. § 552a(g)(5).

**FACTS**

7.   Mr. Edelman's job responsibilities at the DOE included photographing meetings involving the Secretary of Energy.

8.   On March 29, 2017, as part of his employment, Mr. Edelman photographed a meeting between energy executive Robert Murray and then-Secretary of Energy Rick Perry. Mr. Edelman's photographs from that day depict Mr. Murray presenting a proposal to alter the policies of the Federal Energy Regulatory Commission to favor coal plants to increase "grid reliability."[1]

9.   On September 28, 2017, the DOE proposed a "Grid Resiliency Pricing Rule" that echoed Mr. Murray's suggestion and disproportionately benefited a small number of energy companies, including Mr. Murray's.[2]

10. In November 2017, the DOE and Mr. Edelman agreed to extend his term of employment, then due to expire, by two additional years, to November 2019.  Mr. Edelman signed paperwork to that effect.

---

[1] Kate Aronoff, *Exclusive Photos Contradict Murray Energy CEO's Claim He Had "Nothing To Do With" Rick Perry's Coal Bailout*, IN THESE TIMES (Dec. 6, 2017) https://inthesetimes.com/features/murray_energy_trump_doe_coal_industry_grid_plan.html.
[2] Darius Dixon & Eric Wolff, *Trump Coal Backer Wins Big Under Perry's Power Plan*, POLITICO (Nov. 6, 2017) https://www.politico.com/story/2017/11/06/trumps-coal-backers-energy-power-rick-perry-244535.

11. On November 30, 2017, and December 1, 2017, Mr. Edelman shared photographs of Mr. Murray and Secretary Perry's meeting with members of the news media, including *In These Times* and *The Washington Post*, to alert the public of possible government misconduct surrounding the DOE's tailoring of rules to favor individuals with close ties to the administration.

12. On December 6, 2017, *In These Times* published an investigative news report detailing the connections between DOE's proposed rule and Mr. Murray's initial proposal, and how the DOE rule benefited Mr. Murray's company. The report included Mr. Edelman's photographs from the March 29 meeting.[3]

13. The day after the article's publication, the DOE placed Mr. Edelman on administrative leave, seized his personal laptop, and escorted him out of the DOE headquarters. On December 8, 2017, the day after he was placed on administrative leave, and again on December 11, 2017, members of the Department repeatedly demanded that Mr. Edelman delete photographs stored in his personal Google Drive folder.

14. On December 17, 2017, DOE officials informed Mr. Edelman that, contrary to his prior agreement with DOE, his contract with the Department would not be renewed and his employment would end December 27, 2017. His employment with the DOE did in fact end on December 27, 2017.

15. On or around January 4, 2018, Mr. Edelman submitted a whistleblower complaint to the Department of Energy Office of the Inspector General ("OIG"). The complaint detailed allegations of corruption and ethical violations by then-Secretary Perry and a campaign of reprisal against Mr. Edelman for his role sharing information about the allegations. Mr. Edelman

---

[3] *See* Aronoff, *supra* note 1.

alleges that the DOE's reprisals against him included placing him on administrative leave, seizing his personal laptop, and breaching their agreement to renew his employment contract.[4]

16. Mr. Edelman's dismissal generated significant news coverage and interest, including a *New York Times* article discussing his whistleblower complaint.[5] In addition, both Senator Sheldon Whitehouse and Senator Bernie Sanders issued statements calling for investigations into the DOE's actions against Mr. Edelman. Senator Sanders noted, "Federal employees should not be fired for doing their jobs. . . . The Department of Energy must investigate as to why Mr. Edelman was fired."[6]

17. On October 26, 2020, counsel for Mr. Edelman submitted a Privacy Act request to the DOE on Mr. Edelman's behalf for records related to his January 2018 OIG complaint and any resulting investigation by the OIG (the "Request"). A true and correct copy of the Request is attached as Exhibit A.

18. The Department acknowledged the Request on December 7, 2020, and Mr. Edelman's counsel clarified the date range of the Request on December 8, 2020 and February 11, 2021. A true and correct copy of an email chain containing this correspondence is attached as Exhibit B.

---

[4] Carolyn Kormann, *A Whistleblower Alleges Corruption in Rick Perry's Department of Energy*, NEW YORKER (Apr. 5, 2018) https://www.newyorker.com/science/elements/a-whistle-blower-alleges-corruption-in-rick-perrys-department-of-energy.

[5] Ben Protess, *He Leaked a Photo of Rick Perry Hugging a Coal Executive. Then He Lost His Job.*, N.Y. TIMES (Jan. 17, 2018) https://www.nytimes.com/2018/01/17/business/rick-perry-energy-photographer.html.

[6] *Id. See also* Scott Neuman, *Photographer Says He Lost His Job After Leaking Pictures of Rick Perry and Coal CEO*, NPR (Jan. 18, 2018) https://www.npr.org/sections/thetwo-way/2018/01/18/578791199/photographer-says-he-lost-his-job-after-leaking-pictures-of-rick-perry-and-coal; Timothy Cama, *Former Energy Employee Says He Was Fired For Leaking Photos of Perry With Coal Mogul*, THE HILL (Jan. 17, 2018) https://thehill.com/policy/energy-environment/369371-former-doe-employee-says-he-was-fired-for-leaking-photos-of-perry.

19. On August 17, 2021, after the DOE had not responded to the Request, counsel for Mr. Edelman sent a letter to the DOE on Mr. Edelman's behalf administratively appealing the DOE's constructive denial of the Request. Specifically, the appeal showed that the DOE constructively denied the Request by violating its Privacy Act implementing regulations, which require it to respond within "ten working days." 10 C.F.R. § 1008.7(b). A true and correct copy of this appeal letter is attached as Exhibit C.

20. On August 20, 2021, the DOE responded to the August 17, 2021 appeal letter, claiming that the OIG's failure to respond did not constitute a denial of the request. The DOE thus claimed that Mr. Edelman's appeal was not ripe and dismissed the appeal. A true and correct copy of the DOE's appeal determination is attached as Exhibit D.

21. As of the date of DOE's appeal determination, and nearly ten months after Mr. Edelman submitted his Privacy Act request, the DOE had not yet begun to evaluate it. The DOE's appeal determination stated that the Department's OIG "expects to *begin* the process of issuing a final determination in the near future" (emphasis added).

22. Approximately a year after Mr. Edelman's Privacy Act request and more than two months after Mr. Edelman's appeal letter, the DOE has still not issued a response to the Request.

23. The DOE's failure to make any effort to respond to the Request within the statutory timeframe, or respond after Mr. Edelman's administrative appeal, was intentional or willful.

24. Mr. Edelman has exhausted his administrative remedies.

## FIRST CLAIM

## Violation of the Privacy Act for failure to respond to Plaintiff's Request

25. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

26.  Defendant's failure to timely provide a substantive response to Plaintiff's request violates the Privacy Act, 5 U.S.C. § 552a(g)(1), and 10 C.F.R. § 1008.7(b).

**SECOND CLAIM**

**<u>Violation of the Privacy Act for failure to make records available</u>**

27. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

28. Defendant's failure to make available the records sought by the Request violates the Privacy Act, 5 U.S.C. § 552a(d)(1), and Defendant's implementing regulations.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff respectfully requests this Court to:

1. Declare that the records sought in Plaintiff's Privacy Act request must be disclosed to Plaintiff;

2. Order Defendant to immediately conduct a thorough search for all records responsive to Plaintiff's request;

3. Order Defendant to immediately disclose, in their entirety, all records responsive to Plaintiff's request that are not specifically exempt from disclosure under the Privacy Act;

4. Enjoin Defendant from charging Plaintiff for the search, review, or duplication fees for processing his request;

5. Award Plaintiff damages in an amount no less than $1,000;

6. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: October 20, 2021

Respectfully submitted,

MEDIA FREEDOM AND INFORMATION
ACCESS CLINIC

By: /s/ David A. Schulz
David A. Schulz (D.C. Bar No.: 459197)
MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6103
schulzd@ballardspahr.com

*Counsel for Plaintiff Simon Edelman*